IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES FORTUNATO, DOROTHY FORTUNATO, husband and wife and, JENNIFER FORTUNATO, daughter | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action 04-1140 |
| DAVID MAY, NAGLE TOLEDO, INC., NAGLE LINE, INC., NAGLE EQUIPMENT COMPANY, NAGLE TRUCKING, MARK NEWTON dba SPYDER ENTERPRISES, INC., SPYDER ENTERPRISES, INC., SUN AIRE TRANSPORT CORPORATION, | ) ) ) ) ) ) ) | |
| Defendants, Third-Party Plaintiffs | ) ) ) | |
| v. | ) ) | |
| JOHN A RICHARDSON, d/b/a J&J AMUSEMENTS, INC. | ) ) ) | |
| Third-Party Defendant. | ) | |

MEMORANDUM OPINION

CONTI, District Judge

### *Introduction*

Pending before the court is a motion for reconsideration (Docket No. 75) filed by third-party plaintiffs requesting that this court reconsider its memorandum opinion[1] (Docket No. 73) and order (Docket No. 74), dated March 16, 2009.  In the memorandum opinion, the court

---

[1]  Words and terms defined in the March 16, 2009 memorandum opinion will be used in this opinion as defined in the March 16, 2009 opinion, unless the context clearly indicates otherwise.

dismissed third-party plaintiffs' complaint without prejudice.  The court concluded that third-party plaintiffs did not set forth a proper claim pursuant to Rule 14 of the Federal Rules of Civil Procedure.  Third-party plaintiffs did not set forth derivative claims against third-party defendant because third-party plaintiffs failed to allege a basis for a right of indemnification or contribution.  On April 15, 2009, third-party plaintiffs filed the instant motion for reconsideration and supporting brief (Docket No. 76).  On June 11, 2009, the court heard oral argument on the motion for reconsideration and directed the parties to submit supplemental briefing in support of their positions.  In their supplemental brief (Docket No. 80) third-party plaintiffs do not set forth any additional facts to establish a basis for indemnification or contribution.  Third-party plaintiffs state in a conclusory fashion that it is possible third-party defendant could be a joint tortfeasor.  Third-party plaintiffs argue that conclusion is sufficient to cure the deficiencies of their third-party complaint.  Because third-party plaintiffs did not provide the court with a factual basis upon which it can determine that there is a plausible claim against third-party defendant for contribution or indemnification, the motion for reconsideration will be denied.

### *Legal Standard*

"'The purpose of a motion for reconsideration,'. . . 'is to correct manifest errors of law or fact or to present newly discovered evidence.'"  Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986).  A judgment may be altered or amended only if the party seeking reconsideration shows one of the following: (1) an intervening change

in controlling law; (2) the availability of new evidence that was not previously available; or (3)

the need to correct a clear error of law or to prevent manifest injustice.  Id. (citing North River

Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995).

> Because of the interest in finality, at least at the district court level,
> motions for reconsideration should be granted sparingly; the parties
> are not free to relitigate issues the court has already decided. . . .
> Stated another way, a motion for reconsideration is not properly
> grounded in a request for a district court to rethink a decision it has
> already made, rightly or wrongly. . . .

Williams v. Pittsburgh, 32 F. Supp. 2d 236, 238 (W.D. Pa. 1998) (internal citations omitted).

### Discussion

Third-party plaintiffs failed to show the availability of new evidence not previously

available or an intervening change in controlling law to support their motion for reconsideration.

Third-party plaintiffs' motion, therefore, is best understood as premised on a need to correct a

clear error of law or to prevent manifest injustice.

As the court pointed out in its memorandum opinion dated March 16, 2009, a third-party

claim pursuant to Rule 14(a) of the Federal Rules of Civil Procedure can only be asserted if it is

based upon a theory of secondary or derivative liability of the third-party defendant to the third-

party plaintiff.  FDIC v. Bathgate, 27 F.3d 850, 873 (3d Cir. 1994).  In Bathgate, the United

States Court of Appeals for the Third Circuit quoted:

> "A third-party claim may be asserted under Rule 14(a) only when
> the third party's liability is in some way dependent on the outcome
> of the main claim or when the third-party is secondarily liable to
> defendant.  If the claim is separate or independent from the main
> action, impleader will be denied."

Id. (quoting 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL

PRACTICE AND PROCEDURE §1446 (2d ed. 1990)).  It is improper for a third-party complaint to

set forth a claim of the third-party defendant's liability to the plaintiff.  Toberman v. Copas, 800

F. Supp. 1239, 1242-43 (M.D. Pa. 1992).  A proper third-party complaint must set forth a claim

of secondary liability, i.e., the third-party defendant must be liable under a theory of derivative

liability recognized by  relevant substantive laws such as indemnification or contribution.  Id.

(citing JACK FRIEDENTHAL, MARY KANE AND ARTHUR MILLER, CIVIL PROCEDURE § 6.9 at 362

(1ˢᵗ ed. 1985)).

Contribution is available among joint tortfeasors under the Pennsylvania Contribution

Among Tortfeasors Act, 42 PA. CONS. STAT. ANN. § 8321 et seq., which provides in relevant

part:

> **§ 8322. Definition**
>
> As used in this subchapter "joint tort-feasors" means two or more
> persons jointly or severally liable in tort for the same injury to
> persons or property, whether or not judgment has been recovered
> against all or some of them.

42 PA. CONS. STAT. ANN. § 8322.

> **§ 8324. Right of contribution**
>
> (a) General rule.--The right of contribution exists among joint tort-feasors.

42 PA. CONS. STAT. ANN. §  8324.

In Foulke v. Dugan, 212 F.R.D. 265 (E.D. Pa. 2002), the district court commented:

> In order to be joint tortfeasors, "the parties must either act together
> in committing the wrong, or their acts, if independent of each other,
> must unite in causing a single injury." *Lasprogata v. Qualls,* 263
> Pa.Super. 174, 179 n. 4, 397 A.2d 803, 806 n.4 (1979) (quoting
> Black's Law Dictionary, 4th Ed. (1968) at 1661).  Two persons are
> not acting jointly for the purposes of committing a joint tort if "the

4

> acts of the original wrongdoer [and the joint tortfeasor] are
> severable as to time, neither having the opportunity to guard against
> the other's acts, and each breaching a different duty owed to the
> injured plaintiff." *Id.* at 179, 397 A.2d 803, n.3.

> . . . Where the pleadings show separate torts, rather than a joint tort,
> the third-party action must be dismissed. *Klotz v. Superior Electric
> Products Corp.,* 498 F.Supp. 1099 (E.D. Pa.1980).

Foulke v. Dugan, 212 F.R.D. 265, 270 (E.D. Pa. 2002).

In their supplemental brief, third-party plaintiffs reiterate that they attempted to remedy
the deficiencies in their third-party compliant by pointing out that: 1) pursuant to 42 Pa. Cons.
Stat. § 8324(a) and (b), Pennsylvania law permits contribution among joint tortfeasors, 2)
third-party plaintiffs and third-party defendant are clearly joint tortfeasors because the acts by
each alleged tortfeasor occurred at the same time, and 3) the record contained sufficient facts to
create a genuine issue of material fact about the negligence of third-party defendant.  Third-party
plaintiffs' contribution claim is predicated on the theory that third-party plaintiffs caused
plaintiff's injuries and that in turn, third-party defendant contributed to or caused plaintiff's
injuries.  Thus, if one or more of the third-party plaintiffs are found liable, third-party defendant
will be liable to third-party plaintiffs under a theory of joint tortfeasor contribution as
recognized by Pennsylvania law.

Third-party plaintiffs point to two decisions to support their argument that they remedied
the deficiencies in their complaint.  They rely on Garcia v. Cummings, No. 1:07-CV-1866, 2009
WL 136785 (M.D. Pa. Jan. 20, 2009), to support their contribution claim.  In Garcia, the third-
party plaintiff claimed contribution from a third-party defendant who, on the day preceding the
accident, negligently repaired the brakes of the truck which, together with the alleged negligence

of the third party plaintiff, caused injury to the plaintiff.  The court found the factual averments

sufficient to support the characterization of the third-party plaintiff and the third-party defendant

as joint tortfeasors.  Garcia, 2009 WL 136785, at *3.  The district court found:

> Although [the third-party defendant] and [the third-party plaintiff] acted
> independently of one another, and each owed a distinct duty to [the
> plaintiff] , . . . the result of their allegedly negligent activity was "a single
> harm which cannot be apportioned."  Neal [v. Bavarian Motors, Inc., 882
> A.2d 1022, 1028 (Pa. Super. Ct. 2005)].

Id.

    In Neal v. Bavarian Motors, Inc.,  882 A.2d 1022 (Pa. Super. Ct. 2005), which was relied

on in Garcia, the Pennsylvania Superior Court described the factors to be considered in

determining whether parties are joint tortfeasors:

> In determining whether the harm to a plaintiff is capable of
> apportionment, that is, whether the defendants are separate or joint
> tortfeasors, courts consider several factors:
>
> the identity of a cause of action against each of two or more
> defendants; the existence of a common, or like duty; whether the
> same evidence will support an action against each; the single,
> indivisible nature of the injury to the plaintiffs; identity of the facts
> as to time, place or result; whether the injury is direct and
> immediate, rather than consequential; responsibility of the
> defendants for the same *injuria* as distinguished from the same
> *damnum.*
>
> *Voyles v. Corwin,* 295 Pa. Super. at 130-131, 441 A.2d at 383
> (1982) and *Harka v. Nabati,* 337 Pa. Super. at 622, 487 A.2d at 434
> (1985), both citing Prosser, Law of Torts, § 46 n. 2 (4th Ed. 1971).

Neal, 882 A.2d at 1027.

    Here, third-party plaintiffs argue that the record contains sufficient facts to support the

theory that third-party plaintiffs and third-party defendant are clearly joint tortfeasors because

the negligent acts of each tortfeasor caused a single injury.  That conclusory statement, however,

does not provide the court with a sufficient factual basis to conclude there is a plausible basis for a claim that third-party defendant is a joint tortfeasor.  The assertion that third-party defendant is a joint tortfeasor because he owned the vehicle that plaintiff was driving and the vehicle did not have lights does not provide the court with sufficient facts to conclude that there is a plausible basis for third-party plaintiffs' claim for contribution.  Third-party plaintiffs argue that there is a right of contribution "where the jury finds that – despite the fact that [third-party defendant's] vehicle lacked lights – [third-party plaintiff, May] still should have seen it and taken care to avoid the accident."  Third-Party Pls.' Supp. Br. (Docket No. 80 at 6).  If the jury made that finding, however, the alleged negligence of third-party defendant did not cause the harm to plaintiff – rather the harm was caused by third-party plaintiff May who could have avoided the accident.  In other words, either the lack of lights caused the accident or May, who could still see the vehicle despite the lack of lights, did not take care to avoid the accident.  The facts as pled continue to reflect that it was either third-party defendant or third-party plaintiffs that should be liable, but not both.

    Unlike Garcia where there were facts sufficient to support a claim that the alleged negligence of the third-party plaintiff and the third-party defendant each caused harm to the plaintiff and the negligence could not be apportioned, the facts here do not support a claim that the alleged negligence of third-party plaintiff and third-party defendant contributed to a single harm.  Rather, as noted, the facts pled by third-party plaintiffs show that only the alleged negligence of third-party defendant caused the harm.  Under those circumstances, the court cannot conclude that there is a plausible claim for contribution.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

Third-party plaintiffs' reliance on <u>Roberts v. Green Ridge Nursing Home</u>, No. 3:CV-06-0303, 2007 WL 1314871 (M.D. Pa. 2007, May 4, 2007), for the proposition that they have a proper claim under Rule 14 is not persuasive.  The court's statement in <u>Roberts</u> that "a plain reading of Rule 14 provides that the Green Ridge Defendants may file a third-party complaint against the United States, as the United States 'may be liable' to the Green Ridge Defendants 'for all or part' of Ms. Roberts' claim against them," <u>Id.</u> at *4, cannot be taken out of the context of that case.  In <u>Roberts</u>, the plaintiff's mother was admitted into the Green Ridge Nursing Home and treated by Dr. Mirza, an employee of the United States.  The court found that the Green Ridge defendants and Dr. Mirza shared a collective duty to treat the plaintiff's deceased mother and it was impossible to separate the alleged damages between the third-party plaintiff and the third-party defendant.  Here, the court cannot find sufficient facts in the third-party complaint to conclude that it is plausible that third-party plaintiffs and third-party defendant shared a collective duty to plaintiff or that the negligence of each caused a single injury.

Third-party plaintiffs failed to provide the court with any new facts from which the court could conclude that it is plausible that third-party plaintiffs have a basis for the derivative liability of third-party defendant.  "The mere allegation that the third-party defendant is or may be liable to plaintiff will not sustain the complaint."  6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE §1455 at 434 (2d ed. 1990).[2]

---

[2]   Factual allegations must be enough to raise a right to relief above the speculative level, and sufficient to state a claim for relief that is plausible on its face.  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Id.</u> at 556.

With respect to the motion to reconsider, third-party plaintiffs did not argue that there was

an intervening change in controlling law or new evidence exists that was not previously

available.  Because the court is not convinced of a need to correct a clear error of law or to

---

> The plausibility standard is not akin to a "probability requirement,"
> but it asks for more than a sheer possibility that a defendant has
> acted unlawfully.. . . Where a complaint pleads facts that are
> "merely consistent with" a defendant's liability, it "stops short of
> the line between possibility and plausibility of 'entitlement to
> relief.'"

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly 550 U.S. at 557) (internal
citations omitted).

> Two working principles underlie our decision in Twombly. First,
> the tenet that a court must accept as true all of the allegations
> contained in a complaint is inapplicable to legal conclusions.
> Threadbare recitals of the elements of a cause of action, supported
> by mere conclusory statements, do not suffice. [Bell Atlantic Corp.
> v. Twombly] , at 555, 127 S.Ct. 1955 (Although for the purposes
> of a motion to dismiss we must take all of the factual allegations in
> the complaint as true, we  "are not bound to accept as true a legal
> conclusion couched as a factual allegation" (internal quotation
> marks omitted)). Rule 8 marks a notable and generous departure
> from the hyper-technical, code-pleading regime of a prior era, but it
> does not unlock the doors of discovery for a plaintiff armed with
> nothing more than conclusions. Second, only a complaint that
> states a plausible claim for relief survives a motion to dismiss. Id.,
> at 556, 127 S.Ct. 1955.  Determining whether a complaint states a
> plausible claim for relief will, as the Court of Appeals observed, be
> a context-specific task that requires the reviewing court to draw on
> its judicial experience and common sense. [Iqbal v. Hasty], 490
> F.3d, at 157-158. But where the well-pleaded facts do not permit
> the court to infer more than the mere possibility of misconduct, the
> complaint has alleged-but it has not "show[n]"-"that the pleader is
> entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

Id. at 1949-50.

prevent manifest injustice in this matter, third-party plaintiffs' motion to reconsider will be

denied.[3]


                                        By the court,

                                        /s/ JOY FLOWERS CONTI
                                        Joy Flowers Conti
                                        United States District Judge

Dated: December16, 2009

---

[3]       Third-party plaintiffs argue that a comment made by this court at oral argument on this motion amounts to an error of law.  "At oral argument, this Honorable Court indicated that the Motion for Reconsideration could be denied on the basis that it is improper for a Third-Party Plaintiff to both (a) deny negligence absolutely (in an answer) and then (b) seek contribution in a third-party complaint (which, by its nature, forces the third-party defendant [sic] [plaintiff] to admit the possibility of liability)."  Third-Party Pls.' Supp. Br. (Docket No. 80 at 2-3).  While third-party plaintiffs may in their pleadings take inconsistent positions,  Roberts, 2007 WL 1314871, at *2 n.6, this issue is now moot and will not be further addressed by the court.